■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GARY ZAMECHANSKY, Appellant.— Appeal from a judgment of the Albany County Court, rendered May 1, 1973, upon a verdict convicting defendant of the crimes of bribery, criminally selling a dangerous drug in the third degree, criminal possession of a dangerous drug in the fourth degree, and criminal possession of a dangerous drug in the sixth degree. On this appeal defendant contends that (1) it was improper to proceed with a joint trial of the drug charges with the bribery charge; (2) he was prejudiced by the prosecution's reading of the indictment to the jury when two of its counts were ultimately dismissed for lack of proof; (3) the prosecution failed to produce, as a witness, an informer whose testimony would have been helpful to him; and (4) the sentence was excessive. All of the counts in the indictment were properly joined as provided by statute and controlling case law (CPL 200.20; *People* v. *Munger*, 24 N Y 2d 445). We find no error in the reading of the indictment to the

jury nor any evidence of bad faith. Defendant's argument with respect to the failure to produce the informer is equally without merit. This witness was known to the defense at all times and there was never any request that he be produced. Nor was there ever any showing that any testimony to be given by this informer would have been helpful to the defense (*People* v. *Goggins,* 34 N Y 2d 163). Lastly, we are unable to say that the sentence imposed was so unduly harsh or severe to the extent that we should interfere with the discretion vested in the sentencing court. Judgment affirmed. Herlihy, P. J., Greenblott, Sweeney, Kane and Larkin, JJ., concur.